IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PHIL BERRY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TERRI BIAS & ASSOCIATES, INC.<br><br>　　　　　　Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Plaintiff Phil Berry (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### Preliminary Statement

1. Plaintiff Phil Berry brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.

2. Terri Bias & Associates, Inc. ("Terri Bias") sent telemarketing text messages to residential numbers listed on the National Do Not Call Registry, like Mr. Berry's, which is prohibited by the TCPA. Moreover, Terri Bias continued to send such messages even after individuals had requested to no longer be contacted by asking the caller to "stop".

1

3. The Plaintiff also brings this action alleging violations of the North Carolina Telephone Solicitations Act, §75-100 et. seq. ("NCTSA")

4. Text messages are considered "calls" under the TCPA and NCTSA.

5. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

7. Plaintiff Phil Berry is a resident of North Carolina.

8. Defendant Terri Bias & Associates, Inc. is a North Carolina corporation with a principal place of business in this District.

### Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the NCTSA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

10. This Court has jurisdiction over the defendant. Terri Bias regularly engages in business in this District, including making telemarketing calls from this District and soliciting business from this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

### The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The North Carolina Telephone Solicitations Act

16. The NCTSA prohibits, states that "no telephone solicitor shall make a telephone solicitation to a telephone subscriber's telephone number if the telephone subscriber's telephone number appears in the latest edition of the 'Do Not Call' Registry."

17. A "telephone solicitor" includes any individual or entity, that, directly or through salespersons or agents, makes or attempts to make telephone solicitations.

18. A "telephone solicitation" is a "text communication...made by a telephone solicitor to a telephone subscriber for the purpose of soliciting or encouraging the purchase or rental of, or investment in, property, goods, or services; obtaining or providing information that will or may be used for that purpose."

19. A "telephone subscriber" is an individual who subscribes to a residential telephone service from a local exchange company, a competing local provider certified to do business in North Carolina.

20. The statute authorizes telephone subscribers that are aggrieved to file a civil action.

## Factual Allegations

21. Terri Bias is a real estate company.

22. To generate these leads, Terri Bias relies on telemarketing.

23. Those calls violate the TCPA and NCTSA when they are made to residential consumers on the National Do Not Call Registry.

<u>The Calls to Mr. Berry's Phone Line</u>

24. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's residential telephone number is (336) 406-XXXX.

26. That number has been on the National Do Not Call Registry for more than 30 days prior to the calls to and it has not been removed from the Registry since that time.

27. Mr. Berry uses the number for personal, residential, and household reasons.

28. Mr. Berry did not provide his prior express written consent to receive text messages from the Defendant.

29. Even after Mr. Berry received an uninvited text message, he asked the Defendant to stop.

30. Yet, the Defendant continued to send Mr. Berry solicitations more than 30 days later. The text messages are below:



31. The text messages were transmitted *en masse*.

32. Indeed, a stock image for the form solicitation, which only changed the first name of the recipient, was utilized.

33. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded.

34. The Plaintiff did not provide his prior express written consent to receive the calls.

## Class Action Statement

35. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36. The classes of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint through trial.

**NCTSA Class**: All North Carolina Telephone Subscribers whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received at least one text message solicitations from or on behalf of Defendant (4) from four years prior the filing of the Complaint through trial.

These are referred to as the "Classes".

37. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Classes as defined above are identifiable through phone records and phone number databases.

39. The potential members of the Classes number at least in the hundreds.

40. Individual joinder of these persons is impracticable.

41. The Plaintiff is a member of the Classes.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

    (c) whether Defendant's conduct constitutes a violation of the TCPA or the NCTSA;

43. Plaintiff's claims are typical of the claims of members of the Classes.

44. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

46. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

# FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49. The Defendant's violations were negligent, willful, or knowing.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### North Carolina Telephone Solicitations Act, §75-100 et. seq.
### (On Behalf of Plaintiff and the NCTSA Class)

52. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

53. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the NCTSA, by making at least one telephone solicitation to Plaintiff and NCTSA class members, despite their presence on the National Do Not Call Registry.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the NCTSA, the Plaintiff is entitled to at least $500.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as a representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and NCTSA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

F. An award to Plaintiff and the Classes of damages, attorneys' fees and costs, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.


Dated: November 4, 2021  PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Ted Johnson*
Ted Lewis Johnson
North Carolina State Bar # 39791
PO Box 5272
Greensboro, NC 27435
Telephone: (336) 252-8596
Email: tedlewisjohnson@tedlewisjohnson.com

Avi R. Kaufman (*pro hac vice* forthcoming)
Florida State Bar # 84382
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com